**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LATOYA CONGRESS**
on behalf of her child,
Jane Doe
850 Euclid Avenue Suite 701
Cleveland, OH 44114

Plaintiff,

-vs-

**STEAM ACADEMY OF WARRENSVILLE HEIGHTS**
4700 Richmond Road Ste. 3000
Warrensville Heights, OH 44128

and

**ACCEL SCHOOLS OHIO LLC**
C/O Corporation Service Company
50 West Broad St. Suite 1330
Columbus, OH 43215

and

**KIMBERY TAYLOR**, in her official and personal capacity
4700 Richmond Road Ste. 3000
Warrensville Heights, OH 44128

Also serve at:

**KIMBERY TAYLOR**, in her official and personal capacity

**COMPLAINT**

Trial by Jury Endorsed Hereon

3257 Washington Blvd.
Cleveland Heights, OH 44118 )

and )

**KATHLEEN SAULINE**, in her official and personal capacity )
4700 Richmond Road Ste. 3000
Warrensville Heights, OH 44128 )

Defendants. )

## INTRODUCTION

1. This is an action brought to secure enforcement of federally protected rights arising out of governmental misconduct, encroachment and abuse in violation of the Fourteenth Amendment to the Constitution of the United States and in its application as well as to address violations of Ohio state laws.
2. The Plaintiff seeks declaratory, injunctive relief and damages.

## CLAIMS AND JURISDICTION

3. This action is initiated pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 to redress the deprivation under color of statue, ordinance, regulation, custom or usage of rights, privileges and immunities secured to Plaintiffs under the Fourteenth Amendment to the United States Constitution.

4. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1343(a)(3) and (4). To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 2201 and 2202.
5. At all times relevant to this complaint, Defendants have acted under color of law and under color of the statutes, ordinances, charter, regulations, customs, usages and practices of local government and a government official.
6. With respect to state law claims, jurisdiction is invoked pursuant to 28 U.S.C. § 1367.

**PARTIES**

7. Plaintiff, Latoya Congress, on behalf of her daughter, Jane Doe, resides in Cuyahoga County, Ohio within the jurisdiction of the United States District Court for the Northern District of Ohio.
8. Defendant STEAM Academy of Warrensville Heights is a community school, with its authority vesting from the state of Ohio and is considered a public school. Defendant is obligated to operate pursuant to the rules and regulations of the State of Ohio and pursuant to obligations under the Constitution of the State of Ohio and the United States, and is an entity operating public education in and around the city of Warrensville Heights and is otherwise responsible for the formulation, implementation and enforcement of all policies, practices, procedures, acts and conduct regarding the administration of matters affecting

the children attending public schools in those communities and regarding the administration of matters affecting the children, family, employees and board members of the school.

9. Defendant Accel Schools Ohio LLC is the operator of Steam Academy of Warrensville Heights, with its authority vesting from the state of Ohio and is considered the operator of the public school at issue. Defendant is obligated to operate pursuant to the rules and regulations of the State of Ohio and pursuant to obligations under the Constitution of the State of Ohio and the United States, and is an entity operating public education in and around the city of Warrensville Heights and is otherwise responsible for the formulation, implementation and enforcement of all policies, practices, procedures, acts and conduct regarding the administration of matters affecting the children attending public schools in those communities and regarding the administration of matters affecting the children, family, employees and board members of the school.

10. Defendant Kimberly Taylor is the principal at Steam Academy of Warrensville Heights and is responsible for the safety and well-being of the children attending the school.

11. Defendant Kathleen Sauline is one of the teachers of Plaintiff's child and is an employee of Steam Academy of Warrensville Heights. As a teacher at the

school, Sauline is responsible for the safety and well-being of the children attending the school.

**Count I**

**DUE PROCESS CLAIMS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES**

12. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.
13. Latoya Congress is the mother of Jane Doe.
14. Jane Doe is a seventh-grade student who attends STEAM Academy of Warrensville Heights ("STEAM").
15. Jane Doe suffers from PTSD from an incident that occurred when she was in second grade while attending a school in the Warrensville Heights public school system.
16. Jane Doe is on an Individualized Education Plan (IEP) at STEAM Academy.
17. On January 28, 2020, Jane Doe was involved in a minor altercation with another student at STEAM.
18. Defendant Taylor approached the students.
19. Unhappy with the students' actions, Defendant Taylor began choking Jane Doe.

20. The action to physically restrain Jane Doe, in that manner, was unnecessary based upon the circumstances.

21. Taylor's actions were so severe that Jane Doe was taken to an emergency room due to the swelling and pain in her neck.

22. Jane Doe was put on two different medications because of Defendant Taylor's assault.

23. Subsequent to the assault, Plaintiff found out that Taylor had recently been forced to resign from an East Cleveland school for assaulting a child.

24. Upon information and belief, Taylor has a history of prior abuse of children.

25. Upon information and belief, Defendant Taylor's prior last name was Trammell. Her name was changed after she was accused on numerous occasions of assaulting children while working as the principal of schools.

26. Taylor was hired by STEAM after she had been sued and was forced to resign from her employment for assaulting a child while working as a principal.

27. The lawsuit against Taylor was public record.

28. A video of the incident was easily accessible on the internet.

29. Following the assault, Plaintiff was concerned that her child would be further targeted by school administration as she had reported the assault to school officials.

30. Plaintiff's worst fears would prove to be correct.

31. Jane Doe's teacher, Defendant, Kathleen Sauline, had a history of racist activity while working at Steam.

32. For example, Sauline would often call her students "nig---" and even wrote on the board "nig--- f--- ---" on one occasion.

33. On February 18, 2020, Jane Doe went to get a drink of water in the hallway.

34. When she returned and tried to re-enter into her classroom, Defendant Kathleen Sauline blocked her from re-entering.

35. Sauline told Jane Doe to go see another school administrator and that she could not come back to class.

36. Jane Doe then attempted to get her personal belongings in the classroom.

37. While trying to enter the classroom, Sauline physically assaulted Jane Doe.

38. Defendant Sauline ripped two separate braids out of Jane doe's head.

39. Jane Doe's scalp was bleeding as a result of the assault.

40. Jane Doe ran down the hallway and encountered another STEAM administrator.

41. After reporting what had just occurred, Jane Doe was instructed to go back to class and be respectful.

42. Jane Doe's mother was never informed of the incident and only found out when her daughter returned home from school with her braids in hand.

43. Jane Doe once again sought medical attention after being assaulted by yet another school administrator.

44. Upon information and belief, the Warrensville Heights Police Department is investigating the incident.

45. Upon information and belief, there are security cameras within the school which should have captured the assault on video.

46. Defendant STEAM failed to properly train its employees in responding to and caring for children.

47. Defendant STEAM failed to properly review the backgrounds of the individuals they hired and placed in charge of children.

48. The acts and conduct of Defendants have been in wanton and reckless disregard of the rights and feelings of the Plaintiff arising out of the Defendants' attacks on her child.

49. The acts and conduct of Defendants Taylor and Sauline led to the child being emotionally scarred and physically injured.

50. As a result of the acts and conduct by Defendants, Jane Doe has been deprived of her personal and individual rights ensured under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

51. Defendants knowingly and intentionally violated the rights of Jane Doe under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

52. As a result of the acts and conduct of Defendants, Jane Doe has suffered from significant emotional distress, pain and suffering.

53. As a result of the acts and conduct of Defendants, Jane Doe has been injured because of Defendants' inability to protect her within the public school environment and cannot assure that Jane Doe will not be subjected to further acts and conduct which have exacerbated her fear and anxiety.

54. The acts and conduct of the Defendants resulted as a consequence of their deliberate indifference to the rights of Jane Doe and in derogation of the due process rights of Jane Doe.

## Count II

## CLAIMS ARISING OUT OF DEFENDANTS STEAM AND ACCEL SCHOOLS OHIO LLC'S FAILURE TO TRAIN AND THE NEGLIGENT HIRING OF DEFENDANT TAYLOR

55. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

56. Defendants STEAM and Accel Schools Ohio LLC are obligated to train and enforce policies of and for its administrators and teachers to ensure that citizens are not subjected to inappropriate and abusive misconduct.

57. Defendants STEAM and Accel Ohio Schools LLC are obligated to ensure that its administrators and teachers understand the consequences of misconduct and use of excessive or inappropriate unreasonable force.

58. Defendants Steam and Accel Ohio Schools LLC are obligated to be educated about the rights of children and their right not to be wrongfully detained, harassed and battered.

59. Defendants Steam and Accel Ohio Schools LLC knew or should have known that the training of Taylor and Sauline was inadequate based upon their backgrounds.

60. Defendants Steam and Accel Ohio Schools LLC knew or should have known that Taylor was incompetent to serve as the school's principal as she had recently been forced to resign for assaulting another child while working as a principal.

61. Defendants Steam and Accel Ohio Schools LLC ignored all of the warning signs relating to Kimberly Taylor.

62. Defendants Steam and Accel Ohio Schools LLC retained and/or hired Taylor with knowledge that she had a history of physically assaulting children.

63. The acts and conduct of Defendants Steam and Accel Ohio Schools LLC in failing to ensure that Defendants Taylor and Sauline were not adequately trained arose out of the deliberate indifference and was in wanton and reckless disregard of the rights and feelings of Jane Doe.

64. As a result of the failure of Defendants Steam and Accel Schools LLC to adequately provide sufficient training concerning the rights of children and those with disabilities, Jane Doe has suffered and will continue to suffer substantial emotional distress, physical pain and suffering.

65. The acts and conduct of Defendants have been in wanton and reckless disregard of the rights and feelings of Jane Doe.

**Count III**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

66. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

67. Being physically assaulted by a principal and teacher would be a traumatizing and disturbing experience for any child and was so for Jane Doe.

68. Having a principal choke you and a teacher physically rip the braids from your head would be a traumatizing and disturbing experience for any child and was so for Jane Doe.

69. When a principal and teacher, adults who holds a position of trust and authority over children, physically attack a child, this demonstrates an intention to injure and to inflict emotional and mental distress of severe consequence.

70. Defendants Taylor and Sauline engaged in the intentional infliction of serious emotional and mental distress because they knew that Jane Doe was a child on an IEP with a history of PTSD and that a physical assault on her would leave lasting scars and effects.

71. By wrongfully attacking Jane Doe, Defendants Taylor and Sauline knew it would result in serious emotional and mental distress.

72. Defendants Taylor and Sauline knew their conduct would inflict serious emotional and mental injury on a child.

73. Defendants' actions exceed all reasonable bounds of decency and are intolerable in a civilized community.

74. Defendants' actions proximately caused Jane Doe's emotional injury, psychological injury and loss of quality of life.

75. The mental anguish suffered by Jane Doe is serious, consequential and should not have to be endured by any child seeking to attend school in a safe environment.

76. The acts and conduct of Defendants were intentional, malicious and in wanton and reckless disregard of the rights and feelings of Jane Doe.

77. The acts and conduct of the Defendants were undertaken with deliberate indifference.

78. Jane Doe has sustained significant emotional injuries arising out of the Defendants' unlawful actions.

**Count IV**

**ASSAULT AND BATTERY**

79. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

80. Defendants Taylor and Sauline, while attacking Jane Doe, choked the student on one occasion and ripped the braids out of her head leaving her with a bloody scalp, bruised neck and emotional scars on the other.

81. The attacks made Jane Doe gasp and feel further endangered for her safety.

82. As a result of the acts and conduct of Defendant Taylor and Sauline, personally and under color of state law, Jane Doe suffered physical and emotional injury which she continues to endure and for which Defendants are responsible.

83. Defendants Steam and Accel Schools Ohio LLC continue to be deliberately indifferent to the suffering caused by Taylor and Sauline.

84. The acts and conduct of the Defendants were intentional, malicious and in wanton and reckless disregard of the rights and feelings of Jane Doe.

WHEREFORE, Plaintiff urges this Court to grant the following relief:

A. Declare that the acts and conduct of the Defendants constitute violations of the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. §1983, and

B. Permanently enjoin the Defendants, their representatives and all others working in concert with them from engaging in the future in the actions which have the purpose or effect of depriving citizens of rights insured under the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. §1983;

C. Grant to the Plaintiff and against the Defendants appropriate compensatory damages;

D. Grant to Plaintiff against Defendants, Kimberly Taylor and Kathleen Sauline in their individual capacity, appropriate compensatory, exemplary and punitive damages;

E. Grant to the Plaintiff and against Defendants a reasonable attorney fee and costs as provided by federal statute;

F. Grant any additional relief the Court deems just, equitable and in the public interest.

*s/ Avery Friedman*
Avery Friedman (0006103)
AVERY FRIEDMAN & ASSOCIATES
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114
P: (216) 621-9282
F: (216) 621-9283
avery@lawfriedman.com
fairhousing@gmail.com

*s/ Jared S. Klebanow*
Jared S. Klebanow (0092018)
KLEBANOW LAW, LLC
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114
P: (216) 621-8230
jklebanow@klebanowlaw.com

*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

*s/ Jared Klebanow*
Jared Klebanow